UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| RICARDO PENA-BUSTOS, | ) | |
| Reg. No. # 20065-174 | ) | |
| | ) | |
| v. | ) | NO. 2:09-cv-64; 2:07-cr-79 |
| | ) | *Judge Jordan* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM OPINION

Acting *pro se*, Ricardo Pena-Bustos, a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas, brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (Doc. 29 in the Criminal Case Files). Petitioner was convicted, pursuant to guilty pleas, of possession with the intent to distribute a quantity of a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(D); possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(l)(A) and 924(c)(l)(A)(i); and being an alien illegally or unlawfully in the United States in possession of firearms, which had traveled in or affected interstate commerce, a violation of 18 U.S.C. §922(g)(5)(A) and § 924(a)(2) (Count 5).

Subsequently, he was sentenced to 31 months on the first and last offenses and to a consecutive 60 months on the § 924(c) offense, for a total sentence of 91 months in prison—all to be served consecutively to an undischarged term of confinement he received for various drug-related offenses in a prior case, i.e., in Criminal Action No. 2:01-cr-63.

Petitioner took no appeal and now advances, in his timely § 2255 motion, two claims of ineffective assistance of counsel.

The United States has filed a response, asserting that the grounds alleged in support of the motion warrant no relief, and petitioner a reply, insisting that he indeed is entitled to relief, (Docs. 34, 35). For the reasons which follow, this motion will be **DENIED**.

## I. Standard of Review

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. A petitioner alleging an error of constitutional magnitude must demonstrate that it had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). A prisoner who is seeking to obtain collateral relief must clear a "significantly higher hurdle" than would exist on direct appeal. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

An evidentiary hearing is unnecessary if there are no material issues of fact in dispute, if the record conclusively shows that the petitioner is not entitled to relief, or if a petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of a Court. *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). The Court finds no need for an evidentiary hearing in this matter.

A petitioner bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. A motion to vacate may be dismissed if it only makes vague conclusive statements without substantiating allegations of specific facts, thereby failing to state a viable claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

## II. Facts and Procedural History

In the plea agreement, signed by petitioner and filed with the Court, he stipulated that the government would show the facts which follow, (Doc. 15 at 3-5).

On August 20, 2007, local and federal law enforcement agents entered a Mosheim, Tennessee, residence and arrested petitioner on a federal arrest warrant. During the arrest, the agents observed approximately one pound of marijuana in plain sight and, pursuant to a consensual search of the home, located an additional 1.5 pounds of marijuana, a Llama .380 semiautomatic handgun with a loaded magazine, and $3,300.00 in cash. Following the reading of his rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1977), petitioner admitted to selling marijuana for $700 per pound; that the weapon belonged to him, having traded two to three ounces of marijuana for it the day before; that the cash was proceeds of drug sales; and that he is an alien in the country illegally. Ultimately, petitioner also acknowledged that the firearm traveled in and affected interstate commerce.

## III. Law and Analysis

A. <u>The Controlling Law</u>.

The Supreme Court has established a two-part test for determining when assistance of counsel is ineffective. *See Lockhart v. Fretwell*, 506 U.S. 364, 376-79 (1993); *Strickland*

3

*v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that his counsel's errors were so egregious as to render counsel's performance constitutionally deficient, that is, outside the "wide range of professional assistance." *Strickland*, 466 U.S. at 687. The alleged errors or omissions must be evaluated from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Id.* at 689. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 694. Moreover, an attorney "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998) (quoting *Strickland*, 466 U.S. at 690).

Second, a petitioner who enters a plea of guilty must establish "prejudice," by showing that there is a reasonable probability that, but for counsel's professional errors, he would not have pleaded guilty but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, but it is less than a preponderance of the evidence. *Strickland*, 466 U.S. at 694. "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 Fed. App'x 520, 525, 2007 WL 3391207, *4 (6th Cir. Nov. 14, 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)); *United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000) (finding prejudice where the alleged error resulted "in a specific, demonstrable increase in sentencing"). A failure to show prejudice, even if a deficient performance is assumed, will doom a claim of ineffective assistance. *Strickland*, 466 U.S. at 693-94.

"The Sixth Amendment guarantees effective assistance of counsel on the first appeal as of right." *Moore v. Carlton,* 74 F.3d 689, 692 (6th Cir. 1996) (citing *Evitts v. Lucey*, 469 U.S. 387 (1985)). An attorney's failure to file an appeal, in certain circumstances, may constitute ineffective assistance of counsel. *Roe v. Flores-Ortega,* 528 U.S. 470 (2000). However, a petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006).

B.  Analysis.

Attorney Angela R. Morelock was appointed to represent petitioner at trial. Petitioner now asserts that she made two post-plea errors by: 1) failing to file and perfect a requested notice of appeal and 2) failing to press for a concurrent sentence with respect to his five-year mandatory term of confinement on the § 924(c) conviction for possession of a firearm in furtherance of a drug-trafficking crime.

1.  *Failure to Appeal*

The Supreme Court has made it clear that an attorney who disregards instructions from his client to appeal has acted "in a manner that is professionally unreasonable," and that, in such a situation, prejudice is presumed. *Flores-Ortega,* 528 U.S. 477, 483. If a petitioner did not expressly instruct his attorney to file an appeal, then an inquiry must be made as to whether counsel consulted with the petitioner concerning the advantages and disadvantages of an appeal and made a reasonable effort to determine her client's desires. *Id.* at 478. If the attorney did so, she has rendered a deficient performance only if she disregarded the petitioner's wishes to appeal. *Id.*

5

If the attorney did not so consult, the question becomes whether she had an affirmative duty to consult. *Id.* An attorney has a constitutionally imposed duty to consult when there is reason to think: (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that her client reasonably demonstrated an interest in appealing. *Id.* at 480. It must be noted that the Constitution does not mandate consultation with a petitioner in every single case. *Id.* at 479.

Petitioner asserts that "[h]ere in this case petitioner's counsel fail (sic) to file and perfect a requested appeal." Broadly construing this *pro se* petitioner's pleading, as the Court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), petitioner also impliedly suggests that counsel failed to fulfil her affirmative obligation to consult with petitioner concerning the availability and prudence of an appeal.

a. *Express Instructions*: Respondent argues that petitioner has failed to show, through specific allegations of fact, that he ever actually instructed counsel to file an appeal. According to respondent, petitioner has made broad references that such instructions were given but maintains that those references are intertwined with his discussion of the governing law. Thus, so respondent maintains, the dearth of factual allegations to sustain this claim warrant its denial.

The Court agrees. First, while petitioner has engaged in an extensive discussion of the pertinent law regarding the errors alleged here, factual contentions as to the circumstances surrounding an actual request to counsel to file an appeal are notably absent. Petitioner's general references to "a requested appeal" or his skeletal contention that "counsel in this case . . . fail (sic) to file a requested appeal" are insufficient to meet his

6

burden of showing that he directed counsel to appeal. And more important, petitioner seemingly concedes the point by stating that he "cannot show that he in fact instructed his attorney to file an appeal," (Doc. 35 at 4). Based on the foregoing discussion, the Court **FINDS** that petitioner did not ask counsel to file an appeal.

      b. *Duty to Consult*: Secondly, petitioner contends that counsel "was obligated to consult with him about the availability and prudence of an appeal and [her] failure to do so violate (sic) *Stricklan's* (sic) standard of reasonableness." Petitioner's insistence that he is entitled to a new appeal because his attorney "failed to as much as discuss the possibility of an appeal" is simply wrong on the law. *Flores-Ortega,* 528 U.S. 479 ("We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient.") (emphasis in original). Furthermore, while petitioner maintains that he was entitled to appellate review to ensure that the district court applied the sentencing factors in 18 U.S.C. § 3553(a), he has not suggested that the Court ignored or misapplied these factors in setting his sentence or that there existed any nonfrivolous grounds for appeal, such that a rational defendant would want to appeal. *Cf. United States v. Lovell,* 83 Fed. App'x. 754, 759, 2003 WL 22976655, *4 (6th Cir. Dec. 8, 2008) (stating that both prong's of *Strickland*'s test are met "where non-frivolous grounds for appeal exist, yet no appeal is filed") (citing *Flores-Ortega,* 528 U.S. at 486). Nor does petitioner indicate that he reasonably demonstrated to counsel that he desired to appeal.

      Because there are no factual assertions in his pleadings from which to conclude that counsel's duty to consult was triggered—indeed, the facts suggest the opposite since petitioner waived his right to appeal by means of a provision in his plea agreement, (Doc.

7

15 at 10,¶ 14(a) ), *see Shelton v. United States*, 378 Fed. App'x 536, 539, 2010 WL 1994850, *4 (6th Cir. May 20, 2010) (one consideration in making a duty-to-consult inquiry is a waiver of appeal in plea agreement), the Court concludes that this claim of ineffective assistance merits no relief either. *See Green*, 454 F.2d at 53 (vague conclusory statements, denuded of allegations of specific facts, fail to state a viable § 2255 claim).

2. *Sentencing Issue*

Petitioner asserts that his firearms convictions under the § 922(g) and §924(c) counts were the same offense, that the sentences should have been set concurrently, and that Attorney Morelock gave him ineffective assistance for failing to so argue.

As respondent points out, both of petitioner's underlying arguments are legally incorrect. These two offenses are not the same. *See United States v. Hayes*, Nos. 93-5012 and 93-5013, 1994 WL 262055, *5 (6th Cir. June 14, 1994) (rejecting argument that § 922(g)(1) and § 924(c)(1) "punish the same activity—possessing a firearm while committing a crime" and affirming consecutive sentence on § 924(c) conviction) (listing cases). And the sentence for the § 924(c) conviction is statutorily required to run consecutively to the sentence on the § 922(g) conviction. *See United States v. Julian*, 633 F.3d 1250, 1251 (11th Cir. 2011) ("Sentences for the use of a firearm in the course of a . . . . drug trafficking crime must run consecutive to any other sentences . . . .") (citing § 924(c)(1)(D)(ii)); *United States v. Goines*, 357 F.3d 469, 471 (4th Cir. 2004) (finding that § 922(g) and §924(c) convictions "were the product of separate analyses under the sentencing guidelines because§ 924(c) requires a consecutive sentence."); *see also, United States v. Gardner*, 488 F.3d 700, 721 (6th Cir. 2007) (affirming sentence composed in part of

60-month consecutive mandatory minimum term under § 924(c)(1)); *United States v. Simpson*, Nos. 97-203, 96-2307, 97-2316, 98-1050, 1999 WL 777348, * 6 (6th Cir. Sept. 21, 1999) (noting that "a § 924(c) sentence is consecutive to other sentences").

Counsel had no basis in law to challenge the consecutive nature of the § 924(c) sentence. Consequently, her failure to present this argument did not constitute ineffective assistance because the argument would have been legally baseless and, thus, frivolous and because counsel has no duty to raise frivolous issues. *Greer v. Mitchell*, 264 F.3d 663, 676 (2001); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986).

## IV. Conclusion

In light of the foregoing discussion, petitioner's § 2255 motion to vacate, set aside or correct his sentence will be **DENIED** and this action will be **DISMISSED**.

## V. Certificate of Appealability

The Court must now consider whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has individually assessed the claims under the relevant standards and now finds that those claims do not deserve to proceed further because they have no viability in

9

light of the governing law. Thus, jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

An appropriate order will be entered separately.

**ENTER**:

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE